UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MONTESSORI CHILDREN'S HOUSE AND SCHOOL<br>  Plaintiff,<br><br>v.<br><br>PHILADELHPIA INDEMNITY INSURANCE COMPANY,<br>  Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:21-cv-1984 |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Defendant Philadelphia Indemnity Insurance Company (Philadelphia) files this Notice of Removal pursuant to 28 U.S.C. Section 1446(a) on the basis that this Court has jurisdiction of the removal action pursuant to 28 U.S.C. Section 1332 and, in support, respectfully shows the following:

**I.   Background Facts**

This is a first-party insurance action filed by Plaintiff Montessori Children's House and School (Montessori). Philadelphia issued Policy No. PHPK 1873507 to Montessori Children's House and School (the Policy) insuring 7335 Abrams Road, Dallas, Texas 75231 (the Property). Pet., Ex. A-2 ¶ 7. Montessori alleges that a wind and hailstorm occurring sometime during the Policy's effective dates, damaged the Property, and that Philadelphia wrongfully refused to pay $90,998.63 owed to Montessori for the damage. *Id.* ¶¶ 9-14. Montessori alleges breach of contract; violations of the Texas Insurance Code; violations of the Texas Deceptive Trade Practices Act; and breach of the duty of good faith and fair dealing. *Id.* ¶¶ 31-42. In addition to the $90,998.63 in actual damages, Montessori also seeks statutory penalties, exemplary damages, damages for

mental anguish, attorney's fees, and court costs. *Id.* ¶¶ 46-55.

## II.     Removal is Timely

On July 15, 2021, Montessori filed the petition styled *Montessori Children's House and School v. Philadelphia Indemnity Insurance Company*, No. DC-21-09194, in the 162nd Judicial District Court, Dallas County. *See generally* Pet., Ex. A-2. Montessori served Philadelphia's registered agent CT Corporations Systems on July 26, 2021. *See* Ex. A-4. Philadelphia files this Notice of Removal within 30 days of receipt, "by service or otherwise" as required by 28 U.S.C. Section 1446(b). Therefore, Notice of Removal is timely.

## III.    Complete Diversity Exists Between the Proper Parties

Removal is proper under Section 1332(a)(1) because there is complete diversity of citizenship between Montessori and Philadelphia. Montessori is a citizen of the states of Texas, being a domestic nonprofit corporation incorporated in Texas with its principal place of business in Texas. Pet., Ex. A-2 ¶ 2. Philadelphia is a citizen of Pennsylvania, being an insurance company formed under Pennsylvania law with its principal place of business at One Bala Plaza, Suite 100, Bala Cynwyd, Pennsylvania 19004. Philadelphia is not a citizen of Texas. Removal is proper under Section 1332 because there is complete diversity between Montessori and Philadelphia.

## IV.    The Amount in Controversy Exceeds $75,000

In addition to complete diversity among the parties, the amount in controversy must exceed $75,000 in order for a federal court to exercise diversity jurisdiction. 28 U.S.C. § 1332. The state court petition at the time of removal is consulted to determine the amount in controversy. *Theriot v. Transamerica Life Ins. Co.*, 354 F. Supp. 3d 713, 718 (E.D. Tex. 2017); *Nelson v. Safeco Ins. Co. of. Ind.*, No. 4:20-cv-00974-P, 2021 WL 977074, at *1 (N.D. Tex. Mar. 16, 2021). The removing party must establish the amount in controversy by a preponderance of the evidence. 28

U.S.C. § 1446 (c)(2)(A)-(B).

In this case, an amount in controversy in excess of $75,000 is established by a preponderance of the evidence based on the allegations in the Petition. Montessori pleaded that it seeks "total monetary relief over "$250,000" Pet., Ex. A-2 ¶ 55. Therefore, Philadelphia has established by a preponderance of the evidence that the amount in controversy is above the required $75,000. *Theriot*, 354 F. Supp. at 718.

## V.  Venue is Proper

Venue in this district, the United States District Court for the Northern District of Texas, Dallas Division, is proper in that this division encompasses Dallas County, Texas and is "the district and division embracing the place where such action is pending." *See* 28 U.S.C. §§ 124(a)(1), 1446(a).

## VI.  The Removal is Procedurally Correct

Pursuant to Section 1446(a), a removing party must file with its Notice of Removal a copy of all process, pleadings, and orders served upon it. The removing party must attach to its Notice of Removal the following, pursuant to this Court's Local Rule 81.1:

(A) an index of all documents that clearly identifies each document and indicates the date the document was filed in state court;

(B) a copy of the docket sheet in the state court action;

(C) each document filed in the state court action; and

(D) a separately signed certificate of interested persons that complies with LR 3.1(3).

In according with the above, Philadelphia has attached the following to its Notice of Removal:

| | |
|---|---|
| Ex. A | Index of documents filed in state court |
| Ex. A-1 | State court docket sheet |
| Ex. A-2 | Original Petition, filed July 15, 2021 |
| Ex. A-3 | Issued Citation, filed July 15, 2021 |
| Ex. A-4 | Executed Citation, filed July 27, 2021 |

  Ex. A-5     Philadelphia's Answer

The Certificate of Interested Persons has been filed contemporaneously with the Notice of Removal and companion exhibits.

In addition, written notice of the filing must and will be given promptly to the Plaintiff upon filing of this Notice of Removal, and a true copy will be filed with the Dallas County District Clerk, the state court from which this action was removed. *See* § 1446(d).

There are no orders signed by the state judge.

## VII.  Relief Requested

This notice was filed timely. The amount in controversy exceeds $75,000. Complete diversity of citizenship exists between Plaintiff and Philadelphia. Because this Court has jurisdiction over this action pursuant to Section 1332, this action is properly removed pursuant to Section 1441.

Philadelphia respectfully requests that the United States District Court for the Northern District of Texas, Dallas Division file this Notice of Removal, assume jurisdiction of this lawsuit, and issue all such further orders and processes as may be necessary.

Respectfully submitted,

*/s/ Stephen A. Melendi*
Stephen A. Melendi, Attorney in Charge
Texas Bar No. 24041468
stephenm@tbmmlaw.com
Matthew Rigney
Texas Bar No. 24068636
mattr@tbmmlaw.com
Beth Kressel Itkin
Texas Bar No. 24118435
bethki@tbmmlaw.com
TOLLEFSON BRADLEY MITCHELL & MELENDI, LLP
2811 McKinney Avenue, Suite 250 West
Dallas, Texas 75204
Telephone:   214-665-0100
Facsimile:   214-665-0199
**ATTORNEYS FOR PHILADELPHIA INDEMNITY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will electronically send notification to counsel of record.

*/s/ Stephen A. Melendi*
Stephen A. Melendi